## ELMORE *v.* SNOW.

### Opinion delivered March 4, 1912.

CONTRACT—CONSIDERATION.—Where plaintiff, purchaser of the stock of goods of a firm, agreed to pay $1,000 therefor, an agreement by the attorney of certain of the creditors to pay to plaintiff a fee of ten per cent. for defending a suit attacking such sale as fraudulent was without consideration and not binding, as plaintiff was bound to defend against such suit in any event.

Appeal from Sharp Circuit Court; Southern District; *J. W. Meeks,* Judge; reversed.

*David L. King,* for appellant.

There was no consideration for the alleged promise to pay. Kirby's Digest, § 3654; 12 Ark. 174; 31 *Id.* 613; 52 *Id.* 174; 45 *Id.* 67; 32 S. W. 27; 50 *Id.* 926; 51 Mo. App. 637; 99 Va. 620; 32 Ky. Law. 521; 3 Ark. 31; 32 S. W. 195; 4 Ark. 271; 26 *Id.* 160; 30 *Id.* 194; 68 *Id.* 276; 66 *Id.* 550; 83 *Id.* 149.

*Sam H. Davidson,* for appellee.

There was a consideration as defined in 24 Ark. 197; 21 *Id.* 249; 25 *Id.* 196; 72 *Id.* 354; 96 *Id.* 545; 94 *Id.* 7.

KIRBY, J. Appellee brought suit against the appellant in a justice's court in Sharp County on a claim for $40.77, 10 per cent. commission on $409.77, paid to him as representative of creditors of the Southworth Brothers at Hardy, Arkansas, against whom appellant held many claims for his clients for collection. Appellee bought out the firm, agreeing to pay for the stock of merchandise $1,000, and was notified by appellant as attorney of his clients holding the aforesaid claims, not to pay out the $1,000 purchase money until the claims held by him were satisfied; that, if the thousand dollars purchase money were paid to the creditors of the firm, he would consent for the sale to stand, otherwise he would take steps to place the concern in bankruptcy. The creditors all agreed to the arrangement except Mrs. Powell, who claimed she was a preferred creditor, and, the payment of her demand being refused, she brought suit against appellee and the Southworth firm. Appellee defended this suit, and defeated her claim, and the court ordered him to distribute the thousand dollars he agreed to pay for the stock among the creditors of the firm, after payment of the costs.

Appellant held claims aggregating $818.62, upon which he received payment from appellee of a dividend of 50 per cent., amounting to $409.77.   Appellant asked the chancery court to allow appellee a fee to be taxed as cost in the case in the distribution of the money, which was denied, and after the trial said to appellee: "I would agree to allow you to retain out of the claims I represented 10 per cent. for the trouble and charge it up to cost."

Appellee paid the whole 50 per cent. dividend to appellant, at the same time writing: "I send you the full amount in check.   You can send me check for 10 per cent—$40.90. The reason I did not take out the 10 per cent., as you told me to do, is, I wanted to show that it is all drawn out.   Send check to W. S. Snow, Evening Shade."

Appellant acknowledged receipt of the check on October 22, 1910, but said nothing about returning any money as commission to appellee.

On June 11, 1911, replying to a demand from. appellee therefor, he wrote: "I think you should have been allowed a fee, and I asked the court to do it.   I would not have objected if you had retained your fee out of the check forwarded, but you sent the full amount, of which my clients had notice, and they then refused to allow me anything;" and that if he paid the claim it would have to be done out of his own pocket. He did not think it was right to do it.

Appellee replied, insisting that he should be paid the 10 per cent., without regard to by whom it was paid, and brought this suit.   He recovered judgment in the justice's court, and also on appeal to the circuit court, and from this judgment appellant appealed.

It is insisted by appellant that the judgment was not sustained by evidence and is contrary to law; that there was no consideration for his promise to pay appellee 10 per cent. commission if it was made.   Appellee was only protecting his own interest and his purchase of the stock of goods of the Southworth Brothers by heeding the notice of appellant, representative of creditors of Southworth Brothers, in having the purchase price of the stock distributed among the creditors of the concern. He was doing likewise in defending against the alleged claim of the preferred creditor and defeating it; and, while this re-

sulted in the payment of a larger dividend on the claims of the creditors of Southworth Brothers, the fact that he defeated it shows conclusively that if he had paid it without resisting the claim he might still have been liable to the payment of the other creditors in the same amount as was finally paid. The chancery court did not regard him entitled to a fee upon his claim of having done something that resulted to the benefit of the creditors, when he was but protecting himself in the matter, and refused to allow him a fee or commission therefor. Any promise made by appellant to pay him a commission thereafter was without consideration and not enforceable, since he was was bound to do as he did do in any event, and to pay the purchase money as directed by the order of the court upon the valid claims against the Southworth Brothers, whose stock of merchandise he had bought.

The judgment is reversed, and the cause dismissed.